UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| RODNEY D. NELSON, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 7: 21-024-DCR |
| v. | ) | |
| R. WARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Plaintiff Rodney Nelson is currently confined at the United States Penitentiary ("USP")-Beaumont in Beaumont, Texas. Proceeding without an attorney, Nelson has filed a Complaint against officials at USP-Big Sandy (located in Inez, Kentucky) pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 5][1] By prior Order, the Court granted Nelson's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 8] Thus, the Court now conducts a preliminary review of Nelson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Nelson's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*,

---

[1] As previously instructed [Record No. 4], Nelson re-filed his Complaint using the form approved for use by this Court.

321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Nelson's Complaint arises from allegations that he was assaulted by multiple prison employees on November 7, 2019 in violation of his Eighth Amendment rights. Nelson identifies the following individuals as Defendants to his Eighth Amendment claims: R. Ward (C-4 Unit Manager); Patrick (Case Manager, C-4 Unit); John Doe (Captain); Jane Doe (C-4 Unit Counselor); John Doe (Warden); and 30 John Doe Correctional Staff Members. As relief, he seeks an unspecified sum representing compensatory and punitive damages, as well as unspecified declaratory relief. [Record No. 5]

Nelson's claims are brought pursuant to the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens* 403 U.S. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, to recover against a given defendant in a *Bivens* action, a plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Thus, to state a viable claim for violation

of an individual's rights protected by the Eighth Amendment, a plaintiff must allege with respect to each defendant that the particular defendant: 1) was actually aware of a substantial risk that the plaintiff would suffer serious harm; and 2) knowingly disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

After reviewing Nelson's Complaint, the Court concludes that a response is required from Defendants R. Ward, Patrick, John Doe (Captain), and Jane Doe (C-4 Unit Counselor) regarding the claims asserted against them. Because Nelson is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Defendants R. Ward and Patrick with a Summons and copy of the Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Regarding service on John Doe (Captain) and Jane Doe (C-4 Unit Counselor), when service of process by federal marshals is executed pursuant to Fed. R. Civ. P. 4(c)(3), the plaintiff bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Here, the information Nelson has provided does not satisfy this burden.

Based on the foregoing, Nelson is advised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides, in part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Nelson is advised that that if John Doe (Captain) and Jane Doe (C-4 Unit Counselor) are not named and served within 90 days from this date, the claims against them will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Should

Nelson ascertain more specific information regarding the identity of John Doe (Captain) and Jane Doe (C-4 Unit Counselor), he should immediately advise the Court.

Next, Nelson's Eighth Amendment claims against the 30 John Doe defendants and the John Doe (Warden) will be dismissed without prejudice for failure to state a claim for which relief may be granted. Federal notice pleading requires, at a minimum, that the Complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against that defendant. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Moreover, personal liability in a *Bivens* action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo*, 83 F. App'x at 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Nelson's claims against the 30 John Doe Defendants are made against these defendants as a group, with no particular conduct attributed to any specific individual. However, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). Because Nelson failed to do so here, his Complaint fails to state a claim for relief against these defendants.

Similarly, Nelson fails to allege anything that the Warden did or did not do in violation of his constitutional rights. Nelson's Complaint makes no allegations that the Warden had any personal involvement in the alleged assault. Rather, he specifically states that he brings his

claim against the Warden because "[t]he Warden is responsible for the [total] operation of the institution." [Record No. 5 at p. 5] But liability may not be imposed upon the Warden based solely upon his status as a supervisor. The law is clear that, with respect to constitutional *Bivens* claims, *respondeat superior* is not an available theory of liability. *Polk County*, 454 U.S. at 325-26. *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). Because Nelson does not allege that the Warden was personally involved in any conduct that violated Nelson's constitutional rights, the Court will dismiss Nelson's claims against him. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Nelson's claims against Defendants Warden (John Doe) and 30 John Doe staff members are **DISMISSED** without prejudice and Defendants Warden (John Doe) and 30 John Doe staff members are **DISMISSED** as parties to this civil action.

2. A Deputy Clerk shall prepare three (3) "Service Packets" for service upon the United States of America and Defendants R. Ward (C-4 Unit Manager) and Patrick (Case Manager, C-4 Unit). Each Service Packet shall include:

    a. a completed summons form;

    b. the Amended Complaint [Record No. 5];

    c. the Order granting Plaintiff in forma pauperis status [Record No. 8];

    d. this Order; and

    e. a completed USM Form 285.

3. A Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

4. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

5. The USMS shall personally serve Defendants R. Ward (C-4 Unit Manager) and Patrick (Case Manager, C-4 Unit) at USP-Big Sandy in Inez, Kentucky through arrangement with the Federal Bureau of Prisons.

6. Plaintiff Nelson is notified that, if Defendants John Doe (Captain) and Jane Doe (C-4 Unit Counselor) are not named and served within 90 days from the date of this Order, the claims against said "Doe" Defendants shall be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

7. Plaintiff Nelson must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

8. If Plaintiff Nelson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Nelson files must include a written certification that he has mailed a copy of it to the defendants (or their respective attorneys once entries of appearances have been made) and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated: April 29, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky