UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| RODNEY D. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 21-024-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| R. WARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Rodney Nelson, a federal prisoner previously confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky, filed this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Defendants Samuel J. Patrick (Case Manager Coordinator at USP-Big Sandy), Rodney Ward (Unit Manager at USP-Big Sandy), and David Altizer (former Captain at USP-Big Sandy). [Record No. 5][1]  The defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. [Record No. 29]  The motion is fully briefed and is ripe for review.

---

[1] Nelson also named unidentified Jane Doe Unit Counselor, unidentified John Doe Warden, and 30 different, unidentified John Doe staff members as Defendants. [Record No. 5] However, Nelson's claims against John Doe Warden and 30 John Doe staff members were dismissed following the Court's initial screening of Nelson's Complaint. [Record No. 9] Nelson's claims against Jane Doe Unit Counselor were dismissed after Nelson failed to timely identify and serve her. [Record No. 25]

## I.

Nelson asserts that, on November 7, 2019, he was physically assaulted by Ward and Patrick and sexually assaulted by Patrick, who also referred to Nelson using a racial slur. [Record No. 5 at p. 3-6]  Nelson also claims that, later the same day, Altizer physically assaulted him while using a racial slur.[2]  [Record No. 5 at p. 4]  Based on these allegations, Nelson seeks to recover damages against Defendants for violating his Eighth Amendment rights.

The defendant argue in their motion that Nelson's Eighth Amendment claims must be dismissed because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e. Defendants further contend that Nelson's constitutional claims are barred by the applicable one-year statute of limitations.  [Record No. 29, 29-1]  Nelson disputes the defendants' version of the events of November 7, 2019,[3] but does not respond to the defendants' arguments that he failed to exhaust his administrative remedies or that his claims are untimely.  [Record No. 32]  The

---

[2] While Nelson originally made this allegation against "John Doe Captain" [Record No. 5 at p. 4], he later filed a notice indicating that "John Doe Captain" is Altizer.  [Record No. 15]

[3] Defendants contend that, on November 7, 2019, Nelson slipped through his hand restraints and attempted to strike Ward in the chest, while another inmate (Inmate A) attempted to hit Patrick.  [Record No. 29-1 at p. 2]  After staff regained control over Nelson and Inmate A and placed them in leg restraints, Nelson was further combative and refused to walk, resulting in his placement in a restraint chair for transport to the Special Housing Unit ("SHU"), where Nelson was placed in 4-point restraints until "signs of imminent violence" subsided.  [Record No. 29-1 at p. 3]  Nelson was found guilty of committing a violation of Code 224, *Assaulting any Person without Serious Injury*, and was sanctioned a total of 27 days disallowance of Good Conduct Time, 30 days of disciplinary segregation suspended pending 60 days of clear conduct, and 3 months loss of telephone and commissary privileges.  [*Id*.; Record No. 29-2, Martinez Dec., Attachment F, DHO Hearing 3325650]

motion will be granted and Nelson's Complaint will be dismissed because the defendants are correct on both counts.

## II.

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of allegations contained in the plaintiff's Complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the Complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts". *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Nelson is proceeding without the benefit of an attorney, the Court reads his Complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, the defendants move dismiss the Comlaint *and* move for summary judgment, attaching and relying upon a declaration extrinsic to the pleadings in support of their motion. [Record No. 29-2] Thus, the Court may treat the defendants' motion to dismiss as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, a plaintiff is on notice that summary judgment is being requested, and the court's consideration as such is appropriate where the nonmovant submits documents and affidavits in opposition to summary judgment).

A motion under Rule 56 of the Federal Rules of Civil Procedure challenges the viability of the opposing party's claim by asserting that at least one essential element of

that claim is not supported by legally-sufficient evidence.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law.  *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).  If the moving party is successful in meeting his burden, the burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994).  To defeat a properly-supported motion for summary judgment, the opposing party may not "rest upon mere allegation or denials of his pleading," but must present affirmative evidence supporting his claims.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).  If the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.

### A.

The defendants first argue that Nelson's constitutional claims must be dismissed because the plaintiff failed to fully exhaust his administrative remedies prior to filing his lawsuit, as required by federal law.  Under the PLRA, a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  The statutory language of the PLRA is clear that "[n]o action shall be brought with respect to prison conditions under . . . any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted); *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (the exhaustion requirement is a "strong one"); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).

Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules.  *Woodford*, 548 U.S. at 92-94.  The federal Bureau of Prisons' ("BOP") Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.  28 C.F.R. § 542.13.  If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  *See also* BOP Program Statement 1300.16.  At any level, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  Because "[p]roper exhaustion demands

compliance with an agency's deadlines and other critical procedural rules...," *Woodford*, 548 U.S. at 90, the prisoner must file the initial grievance and any appeals within these time frames.

Failure to exhaust administrative remedies is an affirmative defense. Therefore, the Defendants bear the burden of proof concerning the issue. *Jones*, 549 U.S. at 212. "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)). An inmate must make "some affirmative efforts to comply with the administrative procedures," and the Court will analyze "whether an inmate's efforts to exhaust were sufficient under the circumstances." *Napier*, 636 F.3d at 223-24. Summary judgment should be granted "if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019).

The defendants have submitted undisputed relevant official records regarding Nelson's administrative grievance history maintained by the BOP. [Record No. 29-2, Martinez Decl. ¶ 5, Att. C, D] According to the documentation submitted by the defendants, on January 24, 2020, the Mid-Atlantic Regional Office received a "sensitive" BP-10 Request for Administrative Remedy (a "BP-10") from Nelson alleging that he was physically and sexually assaulted by Ward, Patrick, and other officers on November 7,

2019.[4]  [*Id.* at p. 26-27]  The Regional Director issued a response to Nelson's BP-10 on February 20, 2020, informing Nelson that a review of his complaint of staff misconduct would be conducted and appropriate action taken, although Nelson would not be informed of any findings.  [*Id.* at p. 25] The response further informed Nelson that, if he was dissatisfied with the response, he may file an appeal to the General Counsel in the BOP's Central Office within 30 days.  [*Id.*]  According to the defendants, no final appeal to the General Counsel in the Central Office was ever filed.  [Record No. 29-2, Martinez Decl. at ¶5, Attachment C]  Thus, Nelson's administrative grievance was not fully exhausted.

Nelson does not dispute that he failed to fully exhaust his administrative remedies with respect to his present claims.   In fact, he does not respond to the defendants' exhaustion argument.  [Record No. 32]  While his Complaint represents that he filed an appeal to the Office of General Counsel on "3-2021," [Record No. 5 at p. 7], the party opposing a summary judgment motion may not "rest upon mere allegation or denials of his pleading," but must present affirmative evidence supporting his claims.  *See Anderson*, 477 U.S. at 256-57.  Because Nelson failed to do so here, the Court his Complaint will be dismissed because he failed to fully exhaust his available administrative remedies prior to filing this lawsuit.

---

[4] By regulation, if an inmate reasonably believes that an issue is "sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit a Remedy Request directly to the appropriate Regional Director."  28 C.F.R. § 542.14(d)(1).

**B.**

The defendants also argue that Nelson's Complaint is time-barred. Generally speaking, because a Rule 12(b)(6) motion considers only the allegations in the Complaint, such a motion "is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations.'" *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547) (6th Cir. 2012)). However, "when 'the allegations in the complaint affirmatively show that the claim is time-barred . . . . dismissing the claim under Rule 12(b)(6) is appropriate.'" *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (quoting *Cataldo*, 676 F.3d at 547) (other citation omitted) (alterations in original). In such circumstances, if the defendant meets its initial burden to show that the statute of limitations has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz*, 717 F.3d at 464. *See also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot 'escape the statute by saying nothing.'") (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)) (other citation omitted).

Nelson's Eighth Amendment claims are brought against the defendants pursuant to *Bivens*, which holds that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute

of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). In the present case, those events occurred entirely in Kentucky. Therefore, Kentucky's one-year statute of limitations applicable to personal injury claims applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Thus, Nelson was required to bring his *Bivens* claims within one year from the date on which his claim accrued. Ky. Rev. Stat. § 413.140(1)(a).

While state law provides the statute of limitations to be applied, the question of when a constitutional *Bivens* claim accrues is a question of federal law. *See LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991). *See also Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

Nelson does not dispute that he became aware of his injuries on November 7, 2019, the date of the incident alleged in his Complaint. [Record No. 5 at p. 6] Where, as here, the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007). Because

Nelson became aware of his injuries on November 7, 2019, his claims accrued (and the statute of limitations with respect to his claims began running) on that date. Thus, Nelson had one year – or until November 7, 2020 – to file this action. But he did not do so until March 25, 2021, or well after the expiration of the one-year limitations period. Ky. Rev. Stat. § 413.140(1)(a).[5]

Where, as here, a claimant is required to exhaust his available administrative remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Thus, while the statute of limitations on Nelson's constitutional claims began to run on November 7, 2020, it was tolled while Nelson pursued his administrative remedies. *Id*. *See also Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25 (E.D. Ky. June 9, 2006), *aff'd and remanded,* 257 F. App'x 897 (6th Cir. 2007).

In this case, Nelson began the administrative grievance process by filing a sensitive BP-10 Form, which he signed on November 26, 2019, to which the Regional Director responded on February 20, 2020. [Record No. 29-2 at p. 25-26] Construing the facts most generously in Nelson's favor and assuming (without deciding) that the tolling period began on the day that he signed the administrative remedy request (as opposed to the day that it

---

[5] Under the prison mailbox rule, an incarcerated plaintiff's Complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the Complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Nelson signed his original Complaint on March 25, 2021. [Record No. 1 at p. 12]

was received at the Regional Office), the statute of limitations ran from November 7, 2020 (the day the claim accrued) through November 26, 2019, or 19 days, and then was tolled while Nelson pursued his administrative remedies from November 26, 2019, through February 20, 2020 (the day the Regional Director responded to his grievance). Thus, 346 days remained on the statutory limitations period once the administrative grievance process was complete. To be timely filed, Nelson was required to file his lawsuit 346 days from February 20, 2020, or by January 31, 2021. However, as noted, he did not file his original Complaint until March 25, 2021 [Record No. 1 at p. 12], almost two months too late.[6]

Again, Nelson does not respond to the defendants' argument that his Complaint is barred by the statute of limitations. [Record No. 32] Because the defendants have met their initial burden to show that the statute of limitations has run, the burden shifted to Nelson to establish the existence of an exception to the statute of limitations, which he failed to do. *Lutz*, 717 F.3d at 464. Thus, the Court concludes that Nelson's Complaint was filed after the expiration of the applicable statute of limitations. Thus, his Eighth Amendment claims are barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

For the reasons set out above, the defendants' motion will be granted and Nelson's Complaint will be dismissed. While Nelson's failure to exhaust his administrative

---

[6] Even if the Court extended the tolling period through the expiration of Nelson's 30-day time to appeal the Regional Office's resolution of his grievance, this time period expired on March 21, 2020 (30 days after the Regional Director's response was issued on February 20, 2020). In this scenario, Nelson would be required to file his lawsuit within 346 days, or by March 2, 2021. Thus, his Complaint signed on March 25, 2021, is still too late.

remedies would warrant dismissal without prejudice, because the Court finds that Nelson's Complaint is barred by the applicable statute of limitations, it will be dismissed with prejudice.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Record No. 29] is **GRANTED**.

2.      The plaintiff's Complaint [Record No. 5] is **DISMISSED** with prejudice.

3.      Any pending request for relief is **DENIED** as moot.

4.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated:  November 12, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky